# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 13-30767 |
| Maria T. Arfani, | |
| | Chapter: 13 |
| Debtor | Judge Jack B. Schmetterer |

## NOTICE OF MOTION

To:  **Maria T. Arfani**
168 Columbia Avenue
Des Plaines, IL  60016

**Household Finance Company**
961 Weigel
Elmhurst, IL  60126

**David H. Cutler**
Cutler & Associates, Ltd.
4131 Main Street
Skokie, IL  60076

**Tom Vaughn**
Trustee
55 E. Monroe Street, Suite #3850
Chicago, IL  60603

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

PLEASE TAKE NOTICE THAT on April 29, 2015 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Court, 219 S. Dearborn Street, Courtroom 682, Chicago, IL 60604 or before such other Judge as may be sitting in his stead and then and there present the attached Motion for Relief from the Automatic Stay at which time and place you may appear.

/s/ Evan L. Moscov
Evan Lincoln Moscov, ARDC No. 6278081
Weinstein & Riley, P.S.
469 W. Huron St., Suite 1701
Chicago, IL 60654
(312) 255.7996
evanM@w-legal.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>April 21, 2015</u> a copy of the foregoing Notice of Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**David H. Cutler**
Cutler & Associates, Ltd.
4131 Main Street
Skokie, IL  60076

**Tom Vaughn**
Trustee
55 E. Monroe Street, Suite #3850
Chicago, IL  60603

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

I further certify that on <u>April 21, 2015</u> a copy of the foregoing Notice of Motion was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

**Maria T. Arfani**
168 Columbia Avenue
Des Plaines, IL  60016

**Household Finance Company**
961 Weigel
Elmhurst, IL  60126

                                                              */s/ Kathy Liriano*
                                                            Kathy Liriano
                                                            Assistant to Evan L. Moscov

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>Maria T. Arfani,<br><br>Debtor | Case No. 13-30767<br><br>Chapter: 13<br><br>Judge Jack B. Schmetterer |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Nationstar Mortgage LLC ("Nationstar"), servicer for The Bank of New York Mellon, as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2006-AR2 ("Bank of New York Mellon"), moves pursuant to 11 U.S.C. Section 362(d)(1) of the United States Code, 11 U.S.C. §§ 101 et seq. ("the Bankruptcy Code") for the entry of an order modifying the automatic stay with respect to the real property located at 168 Columbia Avenue, Des Plaines, IL  60016 (the "Premises"):

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of its right to seek relief from the automatic stay and foreclose if necessary.

### Jurisdiction and Venue

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

### Predicates for Relief

4. This Motion is premised on Section 362(d) of the Bankruptcy Code.

### Statement of Facts

5. On December 21, 2005, Debtor borrowed $343,757.00 from Countrywide Bank, N.A. ("Countrywide") pursuant to a promissory note (the "Note").  A copy of the Note is attached as Exhibit A.

3

6. On December 21, 2005, Debtor executed a mortgage (the "Mortgage") granting Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, a first priority security interest in the Premises. A copy of the Mortgage is attached as Exhibit B.

7. The Mortgage was recorded on January 10, 2006 by the Cook County Recorder of Deeds.

8. On January 27, 2012, the Mortgage was assigned to Bank of New York Mellon. A copy of the assignment is attached hereto as Exhibit C.

9. On July 31, 2013, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code that included an undisputed secured obligation with respect to the Premises in the amount of $353,338.00 owed to Specialized Loan Servicing, LLC, $38,615.00 owed to Household Finance Co. and estimated the market value of the Premises as $328,859.00.

10. On December 13, 2013, Specialized Loan Servicing, LLC filed a proof of claim with respect to the Premises in the amount of $506,068.89 that has been transferred to Nationstar. The Transfer and Proof of Claim are attached hereto as Exhibit D.

11. Debtor's confirmed Chapter 13 Plan states that she shall make her monthly postpetition mortgage payments directly to Specialized Loan Servicing, LLC.

12. Debtor has defaulted on the Note and her confirmed Chapter 13 Plan.

13. As of March 31, 2015, Debtor owes the unpaid balance of $348,563.34 on the Note, $7,863.57 in interest that is accruing at the rate of $37.00 per day and is delinquent on six post-petition payments in the amount of $13,431.99, less a suspense balance of $382.65, for a total arrearage of $13,431.99. The postpetition payment history is attached as Exhibit E.

## ARGUMENT

FAILURE TO MAKE SIX POST-PETITION PAYMENTS
CONSTITUTES CAUSE FOR RELIEF FROM THE AUTOMATIC STAY

14. Failure to make six post-petition payments on a secured obligation constitutes cause to modify the automatic stay to permit foreclosure. Section 362(d)(1) of the Bankruptcy Code provides:

On request of a party in interest and after notice and a hearing, the court
shall grant relief from the stay provided under subsection (a) of this section,

4

    such as by terminating, annulling, modifying or conditioning such stay –
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

15. Cause is not defined in the Bankruptcy Code and must be determined on a case by case basis based on an examination of the totality of circumstances. *Mac Donald v Mac Donald (In re Mac Donald),* 755 F. 2d 715, (9th Cir. 1985); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronmeyer)*, 405 B.R. 915, 921 (9th Cir. BAP2009); *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir.1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

16. A failure to make post-petition mortgage payments as they become due in a chapter 13 case may constitute prima facie "cause" for relief from the automatic stay under section 362(d)(1). *In re Marks,* 2012 WL 6554705 (9th Cir.BAP (Cal.); *Americredit Fin. Servs. Inc. v. Nichols (In re Nichols),* 440 F.3d 850, 856 (6th Cir.2006); *In re Neals,* 459 B.R. 612, 620 (Bankr. D.SC 2011); *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (9th Cir.BAP 1985); *In re Miano,* 261 B.R. 391, 392-93 (Bankr. D. N.J. 2001)(dicta); *In re Oare,* 181 B.R. 16, 19 (Bankr. N.D.Y.Y. 1995); *Lomas Mortg. USA, Inc. v. Elmore (In re Elmore),* 94 B.R. 670, 678 (Bankr.C.D.Cal.1988); *In re Davis,* 64 BB.R. 358 (Bankr. S.D.N.Y. 1986); *In re Marter,* 61 B.R. 271 (Bankr. E.D.Pa. 1986); *In re Shahid,* 27 B.R. 673 (S.D. Ohio 1982).

17. As a result of the default on the Note and Plan and the lack of equity in the Premises, Debtor is not providing Nationstar with adequate protection of Bank of New York Mellon's security interest in the Premises.

18. Accordingly, cause exists to modify the automatic stay with respect to the Premises.

WHEREFORE, Nationstar respectfully requests that this Honorable Court enter an order modifying the automatic stay with respect to the Premises and waiving the 14 day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

    Respectfully Submitted,

    /s/ Evan Lincoln Moscov
    Evan Lincoln Moscov, ARDC No. 6278081
    Weinstein & Riley, P.S.
    469 W. Huron Street, Suite 1701
    Chicago, IL  60654
    Telephone: (312) 255-7996
    Email: Evanm@w-legal.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on <u>April 21, 2015</u> a copy of the foregoing Motion for Relief from the Automatic Stay was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

    **David H. Cutler**
    Cutler & Associates, Ltd.
    4131 Main Street
    Skokie, IL  60076

    **Tom Vaughn**
    Trustee
    55 E. Monroe Street, Suite #3850
    Chicago, IL  60603

    **Patrick S. Layng**
    Office of the U.S. Trustee, Region 11
    219 S Dearborn Street, Room 873
    Chicago, IL 60604

I further certify that on <u>April 21, 2015</u> a copy of the Motion for Relief from the Automatic Stay was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

    **Maria T. Arfani**
    168 Columbia Avenue
    Des Plaines, IL  60016

    **Household Finance Company**
    961 Weigel
    Elmhurst, IL  60126

                                    *Kathy Liriano*
                                    Kathy Liriano
                                    Assistant to Evan L. Moscov